G. H. BECKER, Appellee, *vs.* THE ILLINOIS CENTRAL RAILROAD COMPANY, Appellant.

*Opinion filed April 19, 1911.*

1. GARNISHMENT—*jurisdiction in garnishment depends on the place of residence of garnishee.* The question of the jurisdiction of the court in a garnishment proceeding depends upon the place of residence of the garnishee, where his creditor could maintain an action against him for the debt.

2. SAME—*the effect where garnishment suits are begun in two States.* Where garnishment suits are begun in courts of different States having concurrent jurisdiction the pendency of one suit can not be pleaded in bar of the other, but the recovery of a judgment and payment thereof in one suit, after a full disclosure of the pendency of the other and without collusion, will bar the other suit, regardless of which suit was first begun.

3. SAME—*when payment of an Illinois judgment bars foreign garnishment suit.* Where a judgment is recovered in Illinois for wages exempt from garnishment before a judgment has been rendered in a garnishment suit in another State for the same debt,

the payment of the Illinois judgment is a bar to the foreign suit, notwithstanding the latter suit was begun before the suit in Illinois was instituted.

4. SAME—*when rule that court first acquiring jurisdiction may retain it does not apply.* The rule that where courts have concurrent jurisdiction the one first acquiring jurisdiction may retain it does not apply where the courts are in different States, and in such case both suits may proceed until judgment is recovered in one suit, when it may then be set up in bar of the other.

5. SAME—*effect where defendant appeals from Illinois judgment instead of paying it.* Where a railroad company is sued before a justice of the peace in Illinois for wages exempt from garnishment and judgment is recovered against it before a judgment has been rendered by a justice of the peace in another State in a garnishment proceeding for the same debt, the company may pay the Illinois judgment and plead it in bar of the other suit; but if it elects to appeal to the circuit court and judgment is in the meantime recovered in the foreign State, the company is not entitled to pay the foreign judgment and rely upon it as a defense.

6. CONFLICT OF LAWS—*State must enforce laws made for benefit of its citizens.* It is the duty of the courts of a State to enforce within its borders laws made for the benefit of its citizens, such as a law exempting from garnishment wages due a wage earner residing in the State with his family.

7. SAME—*when garnishee's.payment of foreign judgment does not bar payment of Illinois judgment.* By the service of garnishment summons in a foreign State the plaintiff acquires an inchoate lien upon the debt and the garnishee cannot thereafter make a voluntary payment, but the plaintiff's right to a lien depends upon subsequently obtaining judgment; and if such judgment is not recovered until after a judgment has been recovered in Illinois for the same debt by a court of concurrent jurisdiction, the payment of the foreign judgment will not protect the garnishee against payment of the Illinois judgment.

APPEAL from the Appellate Court for the Fourth District;—heard in that court on appeal from the Circuit Court of Marion county; the Hon. J. C. McBRIDE, Judge, presiding.

W. W. BARR, and CHARLES E. FEIRICH, (W. S. HORTON, of counsel,) for appellant.

C. F. DEW, and A. D. RODENBERG, for appellee.

Mr. JUSTICE CARTWRIGHT delivered the opinion of the court:

The appellee, George H. Becker, the head of a family residing with the same in this State, was employed by appellant, the Illinois Central Railroad Company, as a brakeman on its line between Centralia and Mounds, and earned wages which were exempt from garnishment by virtue of section 14 of the Garnishment act. DeBower, Chaplin & Co., of Chicago, claiming to be a creditor of appellee to the amount of $32, assigned the account to N. B. Miller, of Kansas City, Missouri, and on July 9, 1909, Miller commenced a suit in attachment against appellee before a justice of the peace in Kansas City. The writ of attachment was returnable on July 20, 1909, and was returned on that day not found as to appellee but served on July 10, 1909, on the appellant, as garnishee. On July 17, 1909, appellee demanded payment of his wages, which demand was refused on the ground the garnishment proceeding had been begun in Missouri. On the same day appellee made and delivered to appellant an affidavit in compliance with the provisions of the said section of the Garnishment act, which requires an employer, upon the making and delivery of the same, to pay the wage earner exempt wages notwithstanding the service of any writ of garnishment upon the employer. The demand was ignored by appellant, and appellee brought this suit on July 30, 1909, against appellant for his exempt wages before a justice of the peace of Marion county. On July 20, 1909, the justice of the peace in Kansas City continued the attachment suit to July 30, 1909. On July 23, 1909, before the justice had obtained jurisdiction of appellee or appellant was required by law to make any answer, it filed its answer as garnishee, stating that it was indebted to appellee in the sum of $56.72 on ac-

count of wages, which were exempt under the law of this State; that the sum demanded by Miller was less than $200; that no judgment had been recovered against the appellee, and that under the laws of the State of Missouri the writ of attachment and garnishment notice were null and void, and appellant moved to dismiss the action against it. On July 30, 1909, the date to which the attachment suit had been continued, an order was made for publication to appellee, and the cause was again continued until August 20. The summons issued by the justice of the peace in this State was returnable on August 6, 1909, and was served on the day it was issued. On the return day the parties appeared and judgment was rendered in favor of appellee, against appellant, for $56.68 and costs, including an attorney's fee of $5. Afterward, on August 30, 1909, proof of publication of notice to appellee was made in the justice's court in Missouri, and the justice overruled the motion of appellant to dismiss as to it and also the claim of exemption, and rendered judgment against appellant for $32 and costs. Appellant paid that judgment and appealed from the judgment of the justice of the peace in this State to the circuit court of Marion county, where the cause was tried by the court without a jury. The sole defense offered was the proceeding before the justice of the peace in Missouri, and the court received evidence of that proceeding but refused to hold propositions that it was a good defense to the claim of appellee for the amount paid, and rendered judgment for $56.68 and costs. The Appellate Court for the Fourth District affirmed the judgment and granted a certificate of importance and an appeal to this court.

In the case of *Lancashire Ins. Co.* v. *Corbetts,* 165 Ill. 592, a suit in attachment was brought by Wilson Bros. & Co. in the circuit court of Cook county against Corbetts, a resident of Wisconsin, and the insurance company was summoned as garnishee. Afterward, Dowling, another

creditor of Corbetts, instituted garnishment proceedings in Wisconsin against the insurance company on the same debt owing to Corbetts. Although the suit in this State was instituted first, a judgment was first rendered by the Wisconsin court and that judgment was paid by the insurance company. A judgment was afterward rendered by the circuit court of Cook county against the insurance company and was affirmed by the Appellate Court for the First District, but it was reversed by this court. There was a very full consideration of the law and review of the decisions, and the law of this State was settled on the questions involved. We disagreed with the doctrine maintained by the Supreme Court of Wisconsin that the jurisdiction in garnishment proceedings is dependent upon the *situs* of the debt, which, so far as so intangible a thing as a debt can be said to have a *situs,* is at the domicil of the creditor, and held that the question of jurisdiction depends upon the place of residence of the garnishee, where his creditor could maintain an action against him for the debt. Although it was considered obvious that the grounds upon which the Wisconsin court based its judgment were untenable, that court had jurisdiction under our view of the law, and we held that the payment of the judgment barred further prosecution of the suit in this State. This conclusion was reached upon the grounds that the two courts had concurrent jurisdiction, and the rule in such cases that the one first acquiring jurisdiction will retain it until the matter is disposed of, applies only to courts of the same State and does not apply to courts of different States; that where two courts of different States have concurrent jurisdiction of the same matter, a suit pending in one State cannot be pleaded in abatement or in bar of the suit in the other State; that both suits may proceed until judgment is rendered in one of the suits, when it may be set up in bar of the further maintenance of the other; that it makes no difference which suit was first commenced, and that the recovery and

payment of one judgment after a full disclosure of the pendency of the other suit and without collusion by the garnishee will bar a recovery in the other State. The application of that doctrine to the garnishment suits was based on the settled rule in ordinary actions which had been previously declared in *McJilton* v. *Love*, 13 Ill. 486, and other cases, and it is equally applicable where there is a pending garnishment proceeding in one State and an action against the garnishee by the principal defendant in another State. In any case, the courts will see that the debtor who is without fault is not compelled to pay his debt twice, but that is the only right he has. The pendency of the garnishment proceeding in Missouri was no bar to the suit of appellee in this State, but in the case of an ordinary debt a compulsory payment of the judgment first rendered would protect appellant against another judgment for the same debt. When judgment was rendered against the appellant in this State for wages exempt from garnishment, payment of the judgment would have been a good defense to the further prosecution of the suit in Missouri. The appeal to the circuit court was a voluntary act of the appellant, with the effect of letting in a foreign judgment which had been rendered against the appellant in Missouri and paid before the trial in the circuit court. Such a voluntary act in a case where the appellant had no defense to the claim could not, without injustice, be permitted to affect the rights of the appellee. By the service of the garnishee summons in Missouri Miller acquired a contingent or inchoate lien upon the debt and appellant could not thereafter make a voluntary payment to the appellee, but the right which Miller acquired was dependent upon subsequently obtaining judgment, and that was not accomplished until a judgment had been recovered in this State, where the debt was free from any right or claim that he had. The law of this State for the protection of the wage earner who has a family and

resides with the same exempts his wages from garnishment to a certain amount, and it is the duty of the State to enforce within its' own borders the laws made for the benefit of its citizens. We give full faith and credit to the judgment of the justice of the peace of Missouri, but the payment of it will not suffice to protect the appellant from the payment of the judgment of our own court. Before that judgment was rendered the judgment for the same debt was rendered in this State, and the status of the debt as exempt from garnishment had been fixed.

A penal statute of this State prohibits the sending out of this State of any claim for debt to be collected by proceedings in attachment, garnishment or other *mesne* process with intent to deprive any resident of this State of his rights under the exemption laws. While the law of Missouri only provides for exemptions to a resident of that State, it prohibits the issue of garnishment process in any cause where the sum demanded is $200 or less, and where the property sought to be reached is wages due the defendant by any railroad corporation, until after judgment shall have been recovered by the plaintiff against the defendant in the action, and no railroad corporation is required to make answer to any interrogatories propounded to it in any action against any person to whom it may be indebted on account of wages, where the writ was issued or served in advance of the recovery by the plaintiff against the defendant in any action for $200 or less. Questions arising under these statutes are argued by counsel, but have been ignored as not necessary to the decision of the case.

The judgment of the Appellate Court is affirmed.

*Judgment affirmed.*