## The Knights of Columbus *vs.* Mary Frances Curran et als.

First Judicial District, Hartford, October Term, 1916.
Prentice, C. J., Thayer, Roraback, Wheeler and Beach, Js.

One who claims a death benefit as a new or substitute beneficiary of a deceased member of a fraternal benefit society, must show that the alleged change of beneficiary has been made in substantially the manner provided in the by-laws of the society or order; mere proof of an intention to make the change, or of an informal direction to one of the officers of the society without notice to the local financial secretary and without any surrender of the original certificate, as required by the laws of the society, does not work a legal change of beneficiary.

By an action of interpleader the fraternal benefit society acknowledges its liability to one or the other of two claimants, but it does not thereby waive a noncompliance with its laws respecting a change of beneficiary, nor, indeed, has it power to take any action which may affect the rights of either party, since these became vested upon the death of the insured member.

In the present case the alleged second beneficiary urged that equity would treat that as done which ought to have been done. *Held* that there was no basis in the facts for the application of this equitable principle, and that, on the contrary, the equities were with the original beneficiary.

Argued October 3d—decided December 19th, 1916.

Action of interpleader to determine the rights of the respective defendants in and to a death-benefit fund of $1,000 in the hands of the plaintiff, brought to and tried by the Superior Court in Middlesex County, *Tuttle, J.;* facts found and judgment rendered in favor of Mary Frances Curran, from which the other defendants appealed. *Error; cause remanded with direction to enter judgment for Gerald O'Donnell et als.*

*Frank D. Haines* and *Thomas C. Flood,* for the appellants (Gerald O'Donnell *et als.*)

*Bernard E. Lynch* and *Patrick T. O'Brien,* for the appellee (Mary Frances Curran).

RORABACK, J.   This is an action of interpleader brought by the plaintiff, a beneficiary association, to determine to whom should be paid a fund of $1,000 due from the plaintiff under a benefit certificate issued upon the life of William E. McDonald.   There are two claimants to this fund: Mary Frances Curran, and the children of Minnie O'Donnell.

The record discloses that on the 20th day of June, 1904, William E. McDonald of Portland, Connecticut, was a member in good standing of the Order of the Knights of Columbus.   On this day a certificate of insurance was issued to him as such member, payable upon his death to Mrs. Minnie O'Donnell, if living, if not living to her children.   Mrs. O'Donnell, named in the certificate, was a cousin of the insured, and the policy was delivered to her by the insured and she continued to pay all the premiums and assessments thereon to the date of her death.   After her death, the certificate remained in the hands of her children, the O'Donnells named as the defendants in this action, who continued to pay all the premiums or assessments against the certificate to the date of the death of the insured on the 7th day of June, 1914.   The total amount of the assessments so paid by Mrs. O'Donnell and her children was $178.95.

By the terms of this certificate the constitution, laws and regulations of the Order were made part of the contract.   This certificate also provided that the Knights of Columbus would make payment to Mrs. O'Donnell, or her children, if "said member at the time of his death is an insurance member of said Order in good standing and that this certificate shall not have been surrendered and another certificate issued."

Section 79 of the by-laws, relating to a change of beneficiaries, provides: "A member desiring to change his beneficiary shall give written notice and surrender his benefit certificate to the Financial Secretary of his council, directing that a new certificate be issued to him, payable to such beneficiary or beneficiaries as such member may designate in accordance with the laws of the Order. The Financial Secretary shall forward the written direction under seal of the council, with the benefit certificate, to the Supreme Secretary, who shall issue a new certificate, if the direction is in accordance with the laws of the Order. The issuance of a new benefit certificate, in accordance with the laws of the Order, shall cancel and render null and void any and all previous certificates issued to a member." Section 80, as to the time when the change takes effect, states that "said change of beneficiary, if in accordance with the laws, shall take effect upon the receipt of certificate and written direction by the Supreme Secretary."

Mary Curran, formerly Mary Carey, one of the defendants, claims that the insured, Mr. McDonald, in the fall of 1911, desired to make a change from Mrs. Minnie O'Donnell, who was at that time the beneficiary, to the defendant Mrs. Curran; that the officers of the plaintiff association neglected and refused to perform their duty in making such change; that McDonald did everything that he could to make such change; and that after the officers of the subordinate council of which Mr. McDonald was a member, had neglected and refused to comply with the request of Mr. McDonald, he executed and filed with the National Secretary of the plaintiff association an instrument which constituted Mrs. Curran his legal beneficiary. It appears that no written notice, required by the by-laws, was ever given to Patrick Butler, the Financial Sec-

retary of the Freestone Council of Middletown, of which Mr. McDonald was a member. Neither does it appear that this secretary ever forwarded any directions to the Supreme Secretary as required by the by-laws of the Order, or that the certificate payable to the O'Donnells has ever been surrendered and a new one issued. It does, however, appear that Mr. McDonald, acting through his attorney who was unfamiliar with the procedure necessary to make a proper change of beneficiaries, upon two different occasions wrote to Mr. Butler, secretary of the Freestone Council. These letters, in effect, notified Mr. Butler that Mr. McDonald desired to change his beneficiary from Mrs. O'Donnell to the defendant Mary Curran, and asked for advice and information as to what was necessary to be done to make the change. Mr. McDonald, the insured, informed the Financial Secretary, Mr. Butler, that he desired to transfer his beneficial interest in this insurance from Mrs. O'Donnell to Mrs. Curran, only on the condition that Mrs. O'Donnell should be repaid the entire amount which she had paid as premiums and assessments. Mr. Butler, feeling that it was equitable and fair that the O'Donnells should be reimbursed for the payments which they had made upon this certificate, made three or four visits to Mrs. Curran in attempting to obtain a reimbursement for the O'Donnells. Failing in this he took no further steps in aiding the proposed change. The attorney for Mr. McDonald then wrote a letter to the president of the local council making substantially the same request that had been made to Mr. Butler. To this there was no reply. Being convinced that the officers of the local council were opposed to a change being made in Mr. McDonald's beneficiary, the attorney decided to make a request for such change through the national officers of the Knights of Columbus, and accordingly drew up

and forwarded a request that such a change be made, addressed to William J. McGinley, Secretary, of New Haven, Connecticut. This request was signed by Mr. McDonald and one copy of it was forwarded to the Supreme Secretary of the Knights of Columbus at New Haven, Connecticut, and another handed to Mrs. Ahearn to keep for her daughter, the defendant Mrs. Curran. This request states, among other things, that "I now respectfully request that you will take official notice that I name as my beneficiary under my certificate as a member of said Freestone Council, Mary Frances Cary [Curran] of Middletown, Conn., who is related to me as cousin, and I direct that such sum as may be due under my certificate at the date of my death, be paid to her, her heirs and assigns." It also appears that no formal action was ever taken by the Knights of Columbus or any of its officials, in complying with this request of Mr. McDonald for this change of the beneficiary. It was ignored.

Mrs. Curran's counsel conceded that equity and good conscience required that the O'Donnells be reimbursed, and requested that so much of the fund as necessary for this purpose be awarded to the O'Donnell defendants in this action. This the court attempted to do in the judgment which it rendered.

In this effort upon the part of Mr. McDonald to change beneficiaries, it cannot be seriously claimed that he, or any one in his behalf, made a legal designation of Mary Curran as the beneficiary of the fund in question, in compliance with the requirements of the by-laws of the Knights of Columbus which regulated the exercise of its power to appoint a new beneficiary. It is true, as the defendant Mrs. Curran contends, that a designated beneficiary has no vested interest in a benefit during the lifetime of the member. Upon the other hand, it is also a well established principle of

law that he who relies upon a change in a beneficiary contract, whereby a new beneficiary is designated, must show that the change has been made in the manner provided for in the laws of the order. In *Fink* v. *Fink*, 171 N. Y. 616, 622, 64 N. E. 506, it is said: "The change of the beneficiary is an important matter, for it transfers the right to receive the death benefit, amounting in this case to $1,000, from one person to another. The right of the member to make the change is absolute and the beneficiary can neither prevent it by objecting, nor promote it by consenting. Obviously such a transaction requires some formalities for the protection of the company, the member and the beneficiary. The formalities required by the association before us, through its by-laws, were very simple, but unless they were substantially complied with, the change could not be made. Mere intention to make a change is not enough, for the acts prescribed to carry the intention into effect are forms imposed upon the execution of a power, and they must be observed or the change cannot be effected." See also *Masonic Mutual Benefit Asso.* v. *Severson*, 71 Conn. 719, 724, 43 Atl. 192; *Coughlin* v. *Knights of Columbus*, 79 Conn. 218, 224, 225, 64 Atl. 223; *Grand Lodge* v. *Burns*, 84 Conn. 356, 369, 80 Atl. 157; *Grand Lodge, A. O. U. W.* v. *Edwards*, 111 Me. 359–365, 89 Atl. 147–149; *Ancient Order of Gleaners* v. *Bury*, 165 Mich. 1, 130 N. W. 191, 34 L. R. A. (N. S.) 277; *Modern Woodmen of America* v. *Headle*, 88 Vt. 37, 90 Atl. 893.

The defendant Mary Curran also relies upon the claim that the plaintiff waived the noncompliance with the provisions of its by-laws by asking that the adverse claimants be required to interplead. This claim is unfounded. By the weight of authority the society cannot be regarded as having waived the requirement of the by-laws by bringing an action of

interpleader. By so doing the Order admitted its liability to one or the other of the claimants, and asked the court to protect it by determining the conflicting rights of the parties; but it cannot be held that the rights of either claimant were prejudiced thereby. The rights of the parties became fixed at the moment of the death of the insured member, and the plaintiff was powerless to do anything to affect vested rights. They were controlled by the contract as it existed at the time. *Grand Lodge* v. *Burns*, 84 Conn. 356, 369, 80 Atl. 154; *Modern Woodmen of America* v. *Headle*, 88 Vt. 37 (90 Atl. 893) and cases there cited. See, also, 15 L. R. A. note, 350, 351.

In this case there is no basis for the application of that equitable rule founded upon the principle that "equity will treat that as done which ought to have been done." It is stated in *Modern Woodmen of America* v. *Headle*, 88 Vt. 37, 52, 90 Atl. 893, 899, that in most of this class of cases, where this rule has been applied, some equity existed in favor of the new beneficiary, due to the fault or fraud of the original beneficiary, or the neglect or collusion of the officers of the society. No such facts exist in the present case. The officials of the Knights of Columbus knew that Mr. McDonald did not want the contemplated change made, unless Mrs. Curran would reimburse the O'Donnells for the assessments and premiums that they had been paying for about seven years. When Mrs. Curran refused to comply with this request, the association declined to recognize the irregular proceedings which were taken in the attempt to substitute Mrs. Curran for the O'Donnells as Mr. McDonald's beneficiary. In this connection it is interesting to note that the trial court finds that equity and good conscience required that the O'Donnells be reimbursed by Mrs. Curran for the expenditures which they had made. Further

justification of the position taken by the officials of the Knights of Columbus, in this connection, is found in the conduct of Mrs. Curran. It appears that when she and her mother, Mrs. Ahearn, were soliciting Mr. McDonald to make this change, they led him to believe that they would furnish him with support if he would make Mrs. Curran his beneficiary. He was supported by them for a period of about ten months, when Mr. McDonald was removed to the town farm in Portland and subsequently to the Connecticut Hospital for the Insane at Middletown. The record discloses that he was supported at both of these institutions as a pauper for about two years before his death. The trial court also finds that Mrs. Ahearn, the mother of Mrs. Curran, was the beneficiary in two other insurance policies on the life of Mr. McDonald; one of which was for $1,000 and had been in force about ten years before the time of his death, and the other an endowment policy for $500, which had been in force for about five years at the time of his death.

If the officials of the Knights of Columbus in their discretion might, in the lifetime of Mr. McDonald, have waived the informalities which attended the attempt to change beneficiaries, yet it cannot be said that their inaction in this respect was a neglect to perform their duty.

The circumstances which the record shows are a part of the history of this case, are such as to demonstrate that Mrs. Curran was not entitled to the relief which she claimed and that was awarded to her by the court below. The general rule is that "whenever a party who, as actor, seeks to set the judicial machinery in motion to obtain some relief, has himself violated conscience or good faith in his prior conduct with the matter of the controversy, then the door of the court will be shut against him; the court will refuse

to interfere in his behalf, to acknowledge his right, or award him any remedy." *Brown* v. *Brown*, 66 Conn. 493, 499, 34 Atl. 490; *Barnes* v. *Starr*, 64 Conn. 136, 154, 156, 28 Atl. 980.

There is error, the judgment of the Superior Court is set aside, and the cause is remanded with direction to render judgment for the O'Donnells for the entire amount of the fund in controversy.

In this opinion the other judges concurred.