## WILLIAM HAMILTON *vs.* BLANCHE MARIE HAMILTON.

Third Judicial District, Bridgeport, April Term, 1931.
MALTBIE, C. J., HAINES, HINMAN, BANKS and AVERY, Js.

Argued April 16th—decided June 9th, 1931.

*Frank L. Wilder,* for the appellant (defendant).

*Morris W. Mendlesohn,* with whom was *Benjamin F. Goldman,* for the appellee (plaintiff).

HINMAN, J. The plaintiff and the defendant intermarried in 1921 and lived together as husband and wife until December, 1928. The finding, which is not attacked, states that the plaintiff turned over to the defendant all his earnings during this period, with the understanding that she was to return to him, upon his request, so much thereof as his personal needs required, expend so much as was required for their joint living expenses, and save the balance for their joint benefit. Pursuant to this arrangement the defendant from time to time turned over to the plaintiff such amounts as he requested, including $700 toward the purchase price of the car the conversion of which is the subject of the first count of the complaint. The necessary effect of this finding is that the $700 returned to the plaintiff became, thereupon, his own property, and this constitutes a sufficient answer to the claim advanced by the defendant that this sum is to be regarded as having remained joint property of the parties and that she is entitled to credit for one half of the amount.

Under the issues joined upon the second count, the trial court found that the defendant purchased, with money held by her for the joint benefit of the parties as above stated, stock of the Hartford Electric Company of the market value of $2565, at the time of the

trial, and awarded the plaintiff one half of that amount —$1287.50.

The defendant, in addition to denials which are disposed of by the facts found, interposed a special defense that in March, 1930, she secured an absolute divorce, in the State of New York, from the plaintiff and that, under a statute of that State (§ 1156, Civil Practice Act) the shares of stock and the automobile in question became her absolute property. The provisions of this statute which are material to the present inquiry are as follows: "If, in an action for divorce brought by the wife, when final judgment is rendered dissolving the marriage, the plaintiff . . . has in her possession or under her control any personal property . . . which was left with her by the defendant, . . . the defendant shall not have any interest therein, absolute or contingent, before or after her death." In *Carpenter* v. *Carpenter* (1927) 225 N. Y. Supp. 426, 430, an action in which the plaintiff, from whom the defendant had been divorced, claimed certain furniture in her possession, it was stated: "It is urged, on behalf of the plaintiff, that, if [the statute] must be literally construed, it is unconstitutional, in that it deprives the plaintiff of his property without due process of law; on the other hand, it may be said that at any time during the pendency of the divorce action, and before final judgment, the plaintiff could have taken possession of any property to which he claimed title, and, having failed to do so, he must be deemed to have acquiesced in the operation of the statute, and to have voluntarily forfeited all claims to it; the statute, in effect, is one of limitation." The trial court in the present case was warranted in adopting this view, which appears to be the only available judicial construction of the purpose and meaning of the statute. As it is found that the plaintiff demanded

return of the automobile in May, 1929, and brought this action in December, 1929, while final judgment of divorce was not entered until March 17th, 1930, he cannot be said to have so acquiesced in the defendant's possession of the property as to render the statute applicable to work thereunder a forfeiture of his claims.

The defendant maintains, further, that the conduct of the plaintiff in bringing and prosecuting an action for divorce in this State during the pendency of the New York suit, and failing to comply with the order for temporary alimony and counsel fees made in the latter action as hereafter stated, disqualifies him from resort to equity in the present cause, through application of the "clean hands" doctrine. As to this claim it is sufficient to note that the plaintiff does not require or utilize the aid of the circumstances complained of, in support of resort to equitable relief. "The maxim 'only applies to the particular transaction under consideration, for the court will not go outside of the case for the purpose of examining the conduct of the complainant in other matters or questioning his general character for fair dealing. The wrong . . . must be in regard to the matter in litigation.' *City of Chicago* v. *Stock Yards Co.*, 164 Ill. 224, 238, 45 N. E. 430." *Lyman* v. *Lyman*, 90 Conn. 399, 406, 97 Atl. 312; *Yale Gas Stove Co.* v. *Wilcox*, 64 Conn. 101, 128, 29 Atl. 303; *Knights of Columbus* v. *Curran*, 91 Conn. 115, 122, 99 Atl. 485.

The plaintiff was entitled to prevail upon both counts of his complaint.

The defendant filed a counterclaim alleging that in her divorce action in New York the court entered an order directing the defendant to pay to her $50 per week alimony *pendente lite* and $500 counsel fees, none of which has been paid, and claiming recovery of the aggregate amount. The trial court found the facts as

alleged, but held that the order in question was not a final foreign judgment enforceable in the courts of this State. *Sistare* v. *Sistare* (1910) 218 U. S. 1, 30 Sup. Ct. 682, 28 L. R. A. (N. S.) 1068, 80 Conn. 1, 66 Atl. 772, and analogous cases relied on by the defendant do not avail to support a right in her to recover under this counterclaim. Those cases concerned alimony under final judgments of separation or divorce, and the right of recovery, in another State, of past due instalments of such alimony, notwithstanding a right in the court rendering the judgment in the original case to modify or amend it respecting the payments ordered to be made, the principal and determinative question being whether such power of modification or amendment extended to overdue and unsatisfied, as well as to future, payments. In the *Sistare* case it was decided by the United States Supreme Court, as an original question, but held to be in accord with *Goodsell* v. *Goodsell*, 82 N. Y. App. Div. 65, 81 N. Y. Supp. 806, that final decrees of the New York courts for the payment of alimony are not subject to alteration so as to deprive them of the protection, as to instalments past due and unpaid, of the full faith and credit clause of the Federal Constitution. It is obvious, however, that the same protection and right of recovery in another State does not obtain as to an order for alimony *pendente lite* entered in a jurisdiction under the law of which proceedings to enforce such temporary alimony must be taken in or under the action in which the order therefor was granted and during the pendency of the action. Such seems to be the law in New York. *Matter of Thrall* (1896) 12 N. Y. App. Div. 235, affirmed 153 N. Y. 644, 47 N. E. 1111; *Hayes* v. *Hayes* (1912) 150 N. Y. App. Div. 842, 135 N. Y. Supp. 225; *Mills* v. *Mills* (1916) 158 N. Y. Supp. 753, 95 Misc. 231. The case last cited was an action to

recover arrears of temporary alimony ordered by an Illinois court in a divorce action in which (as here) the final judgment carried no decree for alimony. The case as presented called for the application of the law of the forum (New York) and this was held (p. 754), following the *Thrall* and *Hayes* cases, to be as above stated, and that the life of the order for temporary alimony terminated upon final judgment. It was decided, accordingly, that action based on the order of the Illinois court could not be maintained in New York. We feel constrained to accept and follow these pronouncements of the New York law on the subject as decisive adversely to the defendant's right to recover, in the present action, under the order of the New York court, the life and efficacy of which was terminated by final judgment of divorce with no provision for alimony. *Mills* v. *Mills, supra;* 2 Schouler on Domestic Relations (6th Ed.) § 1862.

It is to be noticed, also, that notwithstanding the existence of the New York order, entered February 26th, 1929, the defendant obtained from the Connecticut court, in a divorce action commenced against her by the plaintiff on March 11th next following, an allowance of $25 per week alimony *pendente lite,* with which the plaintiff complied, except as to one $25 payment. The defendant therefore appears to be in the somewhat anomalous position of seeking, under her counterclaim, recovery upon an order concurrent with and for the same object and purpose, in large part, as one which she obtained in this State and of which she accepted the benefits. *Becker* v. *Illinois Central R. Co.,* 250 Ill. 40, 95 N. E. 42, 35 L. R. A. (N. S.) 1154, 1158.

There is no error.

In this opinion the other judges concurred.