## UNITED LIFE & ACCIDENT INS. CO. v. REYNOLDS et al.

### No. 206.

Circuit Court of Appeals, Second Circuit.
Jan. 23, 1933.

Michael V. Blansfield and John E. Whalen, both of Waterbury, Conn., for appellant.

Mascolo, McKnight & Dauch, of Waterbury, Conn. (Edward Mascolo and Frederic W. Dauch, both of Waterbury, Conn., of counsel), for appellee Teresa Shervyla.

Before MANTON, AUGUSTUS N. HAND, and CHASE, Circuit Judges.

PER CURIAM.

Joseph P. Shervyla insured his life in the United Life & Accident Insurance Company, naming his wife beneficiary. He died February 4, 1930, after having made application to substitute his daughter as beneficiary in place of his wife. The proceeds owing under the policy are claimed by both widow and daughter, and they were named defendants in this bill of interpleader. It was held below that, while the insured sought to change his beneficiary prior to his death, he did not succeed in so doing.

The bill is filed under the Federal Insurance Interpleader Act, Act of May 8, 1926, c. 273, 44 Stat. 416, 28 USCA § 41 (26), which gave jurisdiction to the District Court. The deceased lived in the district of Connecticut, his wife, from whom he was separated, lived in the Western district of Pennsylvania, and his daughter, Katherine Reynolds, lived in the district of Connecticut.

On January 10, 1930, the insurance company received a written application for a change of the beneficiary, naming the insured's daughter in place of his wife. The policy required an indorsement to be made thereon in order to effect such change. The insured stated he was unable to find the policy (it was in the possession of his wife) and he filed a statement and agreement with reference to a lost policy, in which he stated under oath that his wife had left him and had gone to Pittsburg, Pa., and took the policy or lost the same. This did not conform to the requirements of the insurance company, since it was not executed and sworn to by the named beneficiary, Teresa Shervyla. On January 13, 1930, the insurance company returned it to the insured with a letter stating that it was improperly executed. On January 20, 1930, it was again mailed by the insured to the insurance company and again returned on January 23, 1930, because it did not conform to the rules and requirements of the insurance company for it was not executed and sworn to by the original beneficiary. Later the insurance company offered to waive the requirement of indorsement on the policy provided the insured furnished it with the address of the original beneficiary, but prior to his death on February 4, 1930, the insured had not done so. On July 1, 1930, the insurance company received the policy from the original beneficiary together with the claim of the proceeds of the insurance. No indorsement of any change of beneficiary was ever made upon the policy or upon the records of the insurance company before the death of the insured. While there was an intent on the part of the insured to change his beneficiary, he had not effected that change prior to his death, and the appellant cannot succeed. Fink v. Fink, 171 N. Y. 616, 64 N. E. 506; Tillman v. Hancock Mutual Life Ins. Co., 27 App. Div. 392, 50 N. Y. S. 470; Marlow v. Paganini, 277 F. 790 (C. C. A. 9); Knights of Columbus v. Curran, 91 Conn. 115, 99 A. 485; Neary v. Metropolitan Life Ins. Co., 92 Conn. 488, 103 A. 661, L. R. A. 1918F, 306.

The court below had jurisdiction since, at the time of the commencement of the suit, the parties were citizens of different states. Steigleder v. McQuesten, 198 U. S. 141, 25 S. Ct. 616, 49 L. Ed. 986; Hill v. Walker, 167 F. 241 (C. C. A. 8); Every Evening Printing Co. v. Butler, 144 F. 916 (C. C. A. 3).

Decree affirmed.