HOTEL-MEN'S MUT. BEN. ASS'N *v.* BROWN and another.

*(Circuit Court, N. D. Illinois.* December 5, 1887.)

INSURANCE—MUTUAL BENEFIT SOCIETIES—DESIGNATION OF BENEFICIARY.

The constitution of an "hotel-men's mutual benefit association" permitted a change in the beneficiary, but provided that it "must" be done on a prescribed form of blank, the signature to which should be attested before a notary, and the change entered on the books. It also provided that, at death, benefits should be paid "to the person designated in the application for membership, as shown by the books, or as ordered by last will." An applicant for membership named his wife as beneficiary in his application, and her name was so entered upon the books. His application also set out that the receipt of the party to whom he designated his death loss to be paid should discharge the association. He subsequently executed a paper assigning his policy to one of his creditors as collateral security; but no application for a change was made to the association, nor was the assignment made upon the prescribed blank, nor had the association any notice of it until after the death of the member intestate, when both the widow and the assignee claimed the benefits. *Held,* on bill of interpleader, that the widow was entitled to the fund.

In Equity,

*H. H. C. Miller,* for complainant.

*Abbott & Baker,* for Daws.

*Nathan C. Miller,* for Brown.

BLODGETT, J. This is a bill of interpleader, filed by the Hotel-men's Mutual Benefit Association, to determine who is entitled to the payment of a benefit fund or death loss accruing by reason of the death of George C. Brown, a member of the association. It appears from the proof that George C. Brown held a certificate of membership in the complainant company, and was a member in good standing from the fifth of February, 1881, until his death, on the sixth of December, 1886. At the request and by the direction of Brown, his wife, Kate W. Brown, was designated in his application for membership as his beneficiary, to whom all benefits accruing from the association in the event of his death were to be paid, and her name stood upon the books of the association as his beneficiary at the time of his death.

Section 7 of article 2 of the constitution of the association provides that any member wishing to change his beneficiary must procure a blank form from the secretary, which, being filled out and properly attested, shall be returned to the secretary, when the necessary changes will be made on the books of the association. And section 1, art. 5, provides that benefits payable on the death of a member shall be paid to the person designated in his application for membership as shown by the books of the association, or as ordered by his last will and testament.

Before August 6, 1886, Brown had become indebted to defendant A. Daws in the sum of $1,763, as shown by his promissory notes, and on the day last mentioned, Brown executed a paper assigning his policy in the complainant company to Daws, to be held by Daws till all amounts due him were paid. And after this paper was executed and delivered,

Brown became indebted to Daws in the further sum of $725.50. No application was made by Brown to change the name of his beneficiary on the books of the association, and no notice was given by Daws of any assignment of this policy prior to Brown's death; and at the death of Brown, Mrs. Kate W. Brown appeared by the books to be entitled to the payment of the benefits accruing on his death. Daws, as the assignee of the policy, and Mrs. Brown, as the beneficiary named in the application and on the books of the company, both claimed payment of the death loss, and complainant company filed this bill of interpleader to have the question of their respective rights settled by the court.

In the case of *Lamont* v. *Mutual Ben. Ass'n*, 30 Fed. Rep. 817, (decided in this court,) the assured had during his life-time changed his beneficiary, and the change had been accepted by the company, and entered on its books, and it was held that this transfer was operative, and divested the rights of the beneficiary named in the application; but in that case the provisions of section 7, art. 2, had been substantially complied with. Here there has been no attempt to effectuate a change of beneficiary by a compliance with the terms of this section 7. It will be noted that constitutional provision for a change of beneficiary says it *must* be done on a prescribed form of blank, which is given in the by-laws, which also require the signature to be attested by an acknowledgment before a notary public or justice of the peace; and the application for membership signed by the assured in this case stipulates that the receipt of the parties to whom he designates his death loss is to be paid shall be a full satisfaction of all claims that any of his heirs or assigns may have upon the association. Here is a very cogent reason why, if the beneficiary is changed, it shall be done according to the forms prescribed. This mode of transferring the fund or changing the beneficiary was undoubtedly adopted in order to secure certainty as to who was entitled to the payment of the death loss, that the association might know on the death of a member who they could safely deal with.

There can be no doubt, I think, but what a voluntary association of this kind can prescribe the manner in which its benefits may be assigned or transferred, and that these regulations become a part of the contract. There would, I think, be no right to change the beneficiary of this assured, but for the provisions for doing so in the constitution and by-laws of the association; and a transfer, to be valid, must conform to the mode in which the constitution and by-laws of the company say it may be changed. Any attempt to make such a transfer should be strictly construed. *Holland* v. *Taylor*, 9 W. Rob. 606; *Hellenberg* v. *Independent Order, etc.*, 94 N. Y. 584.

The application for membership designated Mrs. Kate W. Brown, the wife of the assured, as his beneficiary, and she was so designated on the books of the association. This made a contract in her favor on which a suit could have been maintained for this death loss. The constitution and by-laws of the association provided a mode by which her right to this benefit fund could be divested; but, in order to so divest it, that mode must be strictly followed. It was not so followed, and hence I

am of opinion that what was done in that direction was not operative to divest her of her right, and the amount of the death loss which has been paid into court by the association should be paid to Mrs. Brown, less the costs of this suit.