THE GRAND LODGE OF THE ANCIENT ORDER OF UNITED WORKMEN OF NEW JERSEY

*v.*

SARAH A. CONNOLLY.

[Filed May 5th, 1899.]

1. Under the constitution of a grand lodge of a beneficial society providing that there can be no change of beneficiary in a certificate except in a certain manner, a waiver of this by officers of a subordinate lodge is ineffectual, they being invested with no power to consent to a change of such manner, the grand lodge issuing the certificate and making assessments for and payments from the beneficial fund, and the duties of the officers of a subordinate lodge relative to change of beneficiary and to payments being merely ministerial.

2. One to whom, under the constitution of a beneficial society, the benefits are to be paid in case of the death of the beneficiary during the life of the member, without such member making other direction in the manner provided by the constitution and by-laws as to their payment, may assert the failure to make such direction in such manner, as against one claiming the benefits under an attempted new direction in an unauthorized manner.

John S. Connolly, of the borough of Pleasantville, Atlantic county, made application on March 29th, 1883, through Pleasantville Lodge, No. 26, to the Grand Lodge of the Ancient Order of United Workmen of Maryland, New Jersey and Delaware, for a beneficiary's certificate. The certificate was issued April 7th, 1883, and recited the admission of Connolly to membership in the order, with the right to participate in the beneficial fund of the order to the amount of $2,000, which sum was to be paid at his death to Emeline Connolly, his wife. Emeline died November 20th, 1883, leaving four children by her husband. Shortly after the death of his wife Mr. Connolly went to the officers of the lodge at Pleasantville and stated that he wished the policy to be payable to his children. He was informed by the officers that all that was necessary was to hand the certificate to the children, and that they, upon his death, could deliver the said policy to the proper officers and receive the beneficial fund. On October 14th, 1893, Mr. Connolly married Sarah A. Delancy. He died September 10th, 1895. The entire amount of the beneficial fund is claimed by the children on the one hand and by his widow on the other hand. The complainant has paid the beneficial fund into court on a bill of interpleader, and the respective defendants now interplead.

*Mr. Charles V. D. Joline* and *Mr. Robert H. Ingersoll*, for the complainant.

*Messrs. Godfrey & Godfrey*, for the defendant.

REED, V. C.

The organization of the order consists of subordinate or local lodges, of grand lodges and of a supreme lodge. The grand lodges are established by the supreme lodge in prescribed territorial districts, containing a number of subordinate lodges. Each grand lodge is composed of the past master workmen in the subordinate lodges in its particular jurisdiction. The supreme lodge is composed of representatives elected by the several grand lodges. Each grand lodge has control over the subordinate

lodges in its jurisdiction, subject to a right of appeal to the supreme lodge. Each grand lodge may adopt a constitution and by-laws not inconsistent with the constitution and general law of the supreme lodge, and can prescribe a constitution for the government of subordinate lodges in its jurisdiction. Some subordinate lodges are under the immediate jurisdiction of the supreme lodge, and the supreme lodge adopts laws and regulations applicable to their government. The grand lodge may issue beneficial certificates to members of the subordinate lodges in its jurisdiction in like manner and subject to the same laws, rules and regulations as those prescribed for the government of such lodges.

Article 8 of the constitution of the supreme lodge provides in section 1 that upon the death of a master workman degree member in good standing, of a subordinate lodge in the jurisdiction of the supreme lodge, such person or persons as such member may have directed while living shall be entitled to receive of the beneficial fund of the order the sum of $2,000 upon certain conditions.

Section 17 of article 8 provides that any member holding a beneficial certificate desiring at any time to make a new direction as to its payment may do so by authorizing such change in writing upon the back of the certificate, attested by the recorder, with the seal of the lodge attached, and by the payment to the supreme lodge of the sum of fifty cents, but no change of direction shall be valid or have any binding force or effect until such change shall have been reported to the supreme recorder, the old certificate being filed with him and a new beneficial certificate issued thereon; and the said new certificate shall be numbered the same as the old certificate.

The Pleasantville lodge is within the jurisdiction of the Grand Lodge of Maryland, New Jersey and Delaware.

Article 23, section 6, of the constitution of this grand lodge provides that if all the beneficiaries shall die during the lifetime of the member, and he shall have made no other direction in the manner provided by the by-laws of the order, the benefits shall be paid to his widow, if any.

Section 7 has the same provision in respect to the manner of changing the direction in the beneficial certificate as that contained in the provision in the constitution of the supreme lodge. The constitution of the grand lodge, so far as it is not inconsistent with the former, and the certificate make up the contract entered into between the grand lodge and the member; for it is entirely settled that the constitution and by-laws in. respect of which the contract is entered into, form a part of the contract itself. *Holland* v. *Chosen Friends, 25 Vr. 490; American Legion of Honor* v. *Smith, 18 Stew. Eq. 466.* Inasmuch, therefore, as there was no new direction of a beneficiary in the manner provided by the laws of the order, under the terms of the contract, the widow is entitled to the fund.

But the children of the member rely upon the proof that, after the death of his first wife, the member desired to make a new direction in their favor, and communicated his intention to the officers of the subordinate lodge, who told him that nothing was necessary to accomplish the purpose beyond the delivery of the certificate to such new beneficiaries. Even if it is within the power of a beneficial society to waive a compliance with the requirements of the contract in respect to a change of beneficiaries, which it seems it is not (*Bac. Ben. Soc. § 430*), nevertheless no waiver would arise by reason of the circumstances above disclosed.

It is to be observed that the officers of the subordinate lodge were invested with no power to consent to a change of the manner of directing a new beneficiary. The only officer of the subordinate lodge who has anything to do in effecting a new direction is the recorder, and his duty is merely ministerial, *i. e.,* to attest the signature of the member to the designation of the new beneficiary, to take the beneficial certificate and to forward the certificate to the grand recorder. It is then the duty of the grand recorder to make the record of the change in the books of the grand lodge and to issue a new certificate.

It is the grand lodge which makes all the assessments for the beneficial fund, and upon approval of the proof of the death of a member, to issue a warrant for the payment of the benefit due

his beneficiary upon the receiver of the grand lodge, which warrant is forwarded to the recorder of the subordinate lodge, who delivers it to the beneficiary, receiving his receipt, which he is to forward to the grand recorder.

The certificate is issued by the grand lodge, and the beneficial fund is paid by the grand lodge, and the officers of the subordinate lodge have no duties but the simple ministerial function of transmitting the warrant to the beneficiaries and the beneficiaries receipt to the grand lodge.

It is apparent, therefore, that the officers of the subordinate lodge have no power to waive any provision adopted by the grand lodge in respect of the relations of a member to that body. If this was an action brought by the children against the grand lodge to recover the benefit, the futility of their claim, in the face of the contract thus displayed, would be obvious.

But it is insisted that the position of affairs in this instance differs from that which would be presented if this was an action by the children directly against the company. It is pointed out that this is a bill of interpleader and that the order has placed the fund in court, to be paid to whomsoever it shall be decreed to belong ; it is then insisted that the regulations in respect to the manner in which the new beneficiary shall be appointed is only for the benefit of the order itself, and that if the order raises no objection to the regularity of a new appointment it is not in the power of the widow to do so ; it is, therefore, urged that an intention to make a new direction in favor of the children can be proved in any manner, and if proved, will be regarded and enforced by this court.

In support of this view the cases of *Splawn* v. *Chew, 60 Tex. 532 ; Manning* v. *Ancient Order of United Workmen, 86 Ky. 136,* and *Raub* v. *Association, 3 Mackey D. C. 68,* are cited.

Indeed, a number of other cases are cited, but they seem to have involved points which have no relation to the facts in this case.

The view taken by the courts of Kentucky and Texas are exceptional, and are opposed to the great weight of authority, and are so treated by Mr. Bacon in his work on *Benefit Societies*

§ *308.* Mr. Bacon states the rule to be, that the member must revoke his designation of a beneficiary and appoint a new one, in the way pointed out by the laws of the organization. *Id.* § *307.*

The case of *American Legion of Honor* v. *Smith, 18 Stew. Eq. 466,* was one in which a bill to interplead was filed by the order. The interpleading defendants were the widow and brother of the deceased member. The facts were that the certificate had been issued upon the life of the member, in which his wife was named as beneficiary. The wife was divorced from the member, and afterwards he made a written application to the order to change the beneficiary from his wife to his brother, stating that he was unable to surrender the certificate because his wife refused to give it up for cancellation. The order refused to issue a new certificate until the late certificate was surrendered. While affairs were in this condition the member died. The rules of the order provided that a member should surrender his certificate and have a new one issued, and further, that no act of a member done for the purpose of changing his beneficiary should entitle the new beneficiary to any benefit unless such act was in strict conformity with the by-laws of the corporation, nor until such act had been ratified and approved by the corporation. The court said: "The best-considered cases upon this subject are uniform in holding that the by-laws above recited constitute an essential part of contracts like the one under consideration, and that no person can successfully assert a right to a fund payable on the death of a member unless he can show that he has been appointed a beneficiary by said member in the manner required by the contract."

In that case no objection was raised by the order, for it was, like this, a case of interpleader.

In this case, therefore, I am constrained to the conclusion that, as there was no designation of a new beneficiary in the manner provided for by the laws of the order, the widow, under the contract between the member and the grand lodge, is entitled to the payment of the beneficial fund.