# THE GRAND LODGE OF THE ANCIENT ORDER OF UNITED WORKMEN OF MAINE, in Equity,

## *vs.*

## HAROLD M. EDWARDS AND MAUDE M. EDWARDS.

### Androscoggin.   Opinion December 31, 1913.

*Beneficiary.   Benefit Certificate.   Change of Beneficiary.   Children.   Contract.*
*Designation of Beneficiary.   Interpleader.   Widow.*

On December 5, 1901, the Grand Lodge, Ancient Order of United Workmen of Maine, issued to Merton O. Edwards, member of Lewiston Lodge, No. 50, a benefit certificate for $2000, payable at his death to his wife, Clara A. Edwards.   She died December 7, 1902, leaving one child, Harold M. Edwards.   No change or other legal designation of a beneficiary was thereafter made and named in the certificate.   June 8, 1907, Merton O. Edwards married Maude M. Edwards, who survived him as his widow, he having died September 22, 1911.

*Held:*

1.   That the constitution and laws of this fraternal association, in respect to which the beneficiary contract of insurance was entered into, so far as applicable, form a part of the contract itself.

2.   Unless a new designation of a beneficiary is made in the manner specified in the laws of the order therefor it is not valid and effectual against one who is entitled to the benefit under the contract and the laws of the order, when no new designation is made.

3.   Harold M. Edwards could not take the benefit as heir of his mother, the beneficiary who died, for in this case, under the contract and admitted facts, the benefit must go either to another legally designated beneficiary, or to the surviving widow.

4.   A new designation of a beneficiary "must be made in the form prescribed and must be signed by the member," and must be forwarded with the beneficiary certificate to the Grand Recorder.

5.   The letter from the insured to his son Harold M. Edwards, and the statements therein contained, do not constitute a designation of the son as the beneficiary of the fund, made in the manner provided therefor in the laws of the Order.

On report.   Decree according to the opinion.

This is a bill in equity by the Grand Lodge of the Ancient Order of United Workmen of Maine against Harold M. Edwards and Maude M. Edwards, in which the court is asked to determine to whom belongs the amount due and payable under a beneficiary certificate issued to Merton O. Edwards by the plaintiff corporation on the 5th day of November, 1901, for $2000, payable at his death to his wife, Clara A. Edwards, who died December 7, 1902, leaving one child, Harold M. Edwards.   June 8, 1907, the insured married Maude M. Edwards, who survived him, he having died September 22, 1911.

By agreement of the parties, the case was reported to the Law Court on the original petition, answers of Harold M. Edwards and Maude M. Edwards and decree of interpleader, letter of Merton O. Edwards to Harold M. Edwards.   The Law Court shall determine, upon all of the foregoing, the ownership of the fund described in the petition.

The case is stated in the opinion.

*L. L. Walton,* for plaintiff.

*McGillicuddy & Morey,* for Harold M. Edwards.

*W. B. Skelton,* for Maude M. Edwards.

SITTING:   SAVAGE, C. J., SPEAR, CORNISH, KING, HALEY, JJ.

KING, J.   On December 5, 1901, the Grand Lodge, Ancient Order of United Workmen of Maine issued to Merton O. Edwards, member of Lewiston Lodge, No. 50, a benefit certificate for $2000, payable at his death to his wife, Clara A. Edwards.   She died December 7, 1902, leaving one child, Harold M. Edwards.   No changes or other legal designation of a beneficiary was thereafter made and named in the certificate.   June 8, 1907, Merton O. Edwards married Maude M. Edwards, who survived him as his widow, he having died September 22, 1911.   All assessments and dues were paid, and at the death of Merton O. Edwards the amount due and payable under said certificate, to whomsoever it belonged, was $1826.96.   Harold M. Edwards and Maude M. Edwards each claimed to be entitled to the amount due under said certificate, and

thereupon said Grand Lodge brought its bill in equity asking that
they be required to interplead touching their claims to the fund,
which was ordered.  By agreement the case was then reported to
this court for determination upon the bill, answers, decree of inter-
pleader, a letter from Merton O. Edwards to his son Harold M.
Edwards written sometime after June 8, 1907, and such portion of
the constitution, general laws and by-laws of the plaintiff corpora-
tion as are material.

Maude M. Edwards claims the fund as the surviving widow of
Merton O. Edwards, and Harold M. Edwards claims it (1) as the
only heir of Mary A. Edwards and (2) by virtue of statements made
in the letter to him from his father which is by agreement to be
considered as a part of his answer.

Section 7 of General Law XVI of the plaintiff corporation, so
far as material to the questions here involved, provides: "and
if all the beneficiaries shall die during the lifetime of the member,
and he shall have made no other legal designation, the benefit shall
be paid to his widow, if living at the time of his death; if he leave
no widow surviving him, then said benefit shall be paid, share and
share alike, to his children," etc.

It is too well settled to admit of doubt that the constitution and
laws of this fraternal association, in respect to which the beneficiary
contract of insurance was entered into, so far as applicable, form a
part of the contract itself.  *Grand Lodge, A. O. U. W. v. Connolly,*
58 N. J. Eq., 180, 43 Atl., 286; *Grand Lodge, A. O. U. W. v. Gandy,*
63 N. J. Eq., 692, 53 Atl., 142.  This contract is to be construed and
given force and effect as other contracts upon similar subjects.

Applying this well established principle in the case at bar, we
find that the beneficiary contract between the Lodge and the insured
member expressly provides that if the beneficiary named in the
certificate shall die during the lifetime of the member, and he shall
have made no other legal designation of a beneficiary, the benefit
shall be paid to his widow, if living at his death.  And the admitted
facts are, that the sole beneficiary named in the certificate died in
the lifetime of the member, and that at his death his second wife,
survived him as his widow.  It is therefore too clear to admit of
controversy that the benefit in question, under the express terms of

the contract, belongs to the surviving widow of the member, Maude M. Edwards, unless he made aonther "legal designation" of a beneficiary of it.

It necessarily follows, therefore, that there can be no merit in the first claim of Harold M. Edwards, that he took the benefit as heir of his mother, the beneficiary who died, for in this case, under the admitted facts, the benefit must go either to another legally designated beneficiary, or to the surviving widow.

This brings us to a consideration of the other claim of Harold M. Edwards, that he was designated by his father as the beneficiary of the fund in question.

In support of this claim he relies upon the statements of his father contained in the letter referred to. That letter was a strong expression of the father's displeasure and grief on account of the son's misconduct, and a most earnest appeal to him to change his course of conduct and try to become more efficient. He tries to assure his son that he still has a full measure of parental solicitude for his welfare, and that he will help him in every way that he can consistent with his means. The following are the strongest expressions contained in the letter touching the point now under discussion. "I may not live a great while. I do not expect to but I will not tell you why for you do not care. My property I shall leave to you and no one else will get much of it. My insurance will go to you. I am not against you as you may know sometime when too late," . . . Again, "No one will get my money but you and I want to save it for you."

It may be conceded that the letter expresses the father's intention and purpose that at his death his son was to have the benefit in question. But is that enough to constitute a "legal designation" of a new beneficiary in the manner provided for in the law of the order?

It is to be borne in mind that notwithstanding the death of the beneficiary named in the certificate during the lifetime of the member, the contract still specified the person or persons to take the benefit, viz.: the widow, if a widow survived the member, and if not then his children, etc. Therefore, in order for the benefit to go to some one other than those included in the contract, the contract

must be changed. And this was expressly provided for in the General Laws of the order. Section 10 of General Law XVI reads:

"A member may, at any time, when in good standing, revoke his directions as to the payment of his Beneficiary Certificate, and a new Beneficiary Certificate shall thereafter be issued, payable to such beneficiary or beneficiaries as such member may direct in accordance with these Laws, upon the payment of a fee of fifty cents. Said revocation and direction must be made in the form prescribed, signed by the member in presence of and attested by the Recorder of his Lodge, and accompanied by the required certificate of the Subordinate Lodge, under its seal, shall be forwarded with the Beneficiary Ceritficate to the Grand Recorder. If it is impracticable to have said revocation and direction signed in the presence of and attested by the Recorder attestations may be made by a notary public or an officer of a court of record, with his official seal attached. When such revocation, direction and certificate, made in accordance with these Laws, shall have been received by the Grand Recorder, any previous direction in regard to the payment of the benefit shall thereby be rendered null and void."

The authorities are almost uniform in holding that he who relies upon a change in the beneficiary contract whereby a new beneficiary is designated to take the benefit in place of those who would otherwise be entitled to it under the unchanged contract, must show that the change has been made in the manner provided for in the laws of the order.

Mr. Bacon in his work on Benefit Societies (Section 308) states the rule to be that the member must revoke his designation of a beneficiary, and appoint a new one, in the way pointed out by the laws of the order. In *American Legion of Honor* v. *Smith*, 45 N. J. Eq., 466, 17 Atl. 770, the court said: "The best considered cases upon this subject are uniform in holding that the by-laws, above recited, constitute an essential part of contracts like the one under consideration, and that no person can successfully assert a right to a fund payable on the death of a member unless he can show that he has been appointed a beneficiary by said member, in the manner required by the contract." This principle is so well settled that it is unnecessary to make extended citations from the vast number of authorities sustaining it. But we do here call attention to the following cases.

In *Grand Lodge, A. O. U. W.* v. *Gandy*, 63 N. J. Eq., 692, the member had designated his wife as his beneficiary. She predeceased him. Some years after her death he attempted to designate a new beneficiary by declaring in a separate signed affidavit that he desired another person to be his beneficiary which he sent pinned to the original certificate to the order, and a new certificate containing the name of the new beneficiary was issued to him and remained in his possession until his death.

It was held in that case, that the attempted designation did not conform to the rules of the order, and was incompetent to take away the benefit from the member's children, who were entitled to it under the laws of the order, there being no surviving widow, unless another direction was effectually made.

The case of *Grand Lodge, A. O. U. W.* v. *Connolly*, 58 N. J. Eq., 180, 43 Atl., 286, is practically on all fours with the case at bar. In that case the member's wife, Emiline Connolly, was named in the certificate. She died before his death leaving four children. Shortly before her death he went to the officers of the subordinate lodge and stated that he wished the policy to be payable to his children and was informed that all that was necessary was to hand the certificate to his children and that upon his death they would receive the beneficial fund. Thereafter he married and that second wife survived him. The children on the one hand, and the surviving widow on the other, claimed the fund. Upon a bill of interpleader the fund was placed in court to be paid to whomsoever it should be decreed to belong. In that case, as in the case at bar, it was provided in the laws of the order that if all the beneficiaries shall die during the lifetime of the member, and he shall have made no other direction in the manner provided therefor, the benefit should be paid to his widow if any. In that case also the provision contained in the laws of the order for changing the beneficiary appears to be the same, or at least substantially the same, as that in the case at bar. The court there held that there was no designation of a new beneficiary in the manner provided by the laws of the order, and that the widow was entitled to the beneficial fund.

In the case at bar, as above noted, the benefit belongs to the surviving widow of the member, under the express terms of the laws

of the order which are a part of the contract, unless the member made another "legal designation" of a beneficiary to take it.

The law of the order quoted above specifies in detail the manner in which a new designation can be made. Among other provisions it is required that the direction therefor "must be made in the form prescribed, signed by the member," and that after it is attested as therein provided for it "shall be forwarded with the Beneficiary Certificate to the Grand Recorder." Obviously those requirements were not complied with in this case. And clearly the letter from the insured member to his son, and the statements therein contained, do not constitute a "legal designation" of the son as the beneficiary of the fund, made in the manner provided therefor in the laws of the order.

It is therefore the opinion of the court that Maude M. Edwards, the surviving widow of Merton O. Edwards, is entitled to payment of the fund.

*So ordered.*