No. 18,941.

THE GRAND LODGE OF THE ANCIENT ORDER OF UNITED WORKMEN OF KANSAS, *Appellant,* v. THE STATE BANK OF WINFIELD, *Appellee.*

OPINION DENYING A REHEARING.

SYLLABUS BY THE COURT.

1. BENEFIT INSURANCE—*Order Drawn on Beneficiary Fund— Specific Directions as to Manner of Delivery to Beneficiary Govern.* Specific directions for the delivery of an order upon a beneficiary fund were given to an officer of a local lodge in a letter of transmittal. Enclosed with this letter was a printed blank form containing instructions apparently prepared for use in such cases. It is held that if the specific directions given in the letter conflict with the printed instructions the directions must govern.

2. SAME. The printed instruction "to see that the enclosed order is properly indorsed and delivered" does not, in the light of the specific direction contained in the letter to deliver it to the person designated as payee, impose upon the addressee the duty to see that the payee to whose order it is drawn indorses it after delivery.

Appeal from Cowley district court; CARROLL L. SWARTS, judge. Opinion denying a rehearing filed November 14, 1914. (For original opinion of reversal, see 92 Kan. 876, 142 Pac. 974.)

*Edgar Bennett*, of Washington, *A. M. Jackson*, and *A. L. Noble*, both of Winfield, for the appellant.

*G. H. Buckman, S. C. Bloss*, both of Winfield, and *A. L. Cooper*, of Kansas City, Mo., for the appellee; *Hadley, Cooper & Neel*, of Kansas City, Mo., of counsel.

The opinion of the court was delivered by

BENSON, J.: In a petition for rehearing the argument is presented that a particular clause contained in printed instructions inclosed with the letter transmitting the check to Mr. Mishler was not given proper effect in the opinion in this case. (*United Workmen v. Bank*, 92 Kan. 876, 142 Pac. 974.) The letter gave specific directions to deliver the check to the payee. These directions are copied in the opinion, at pages 880 and 881. The printed instructions were contained in a blank form of letter purporting to be for the use of the grand recorder in transmitting orders against the beneficiary fund to the local recorder, although in this case a special letter was written. The instructions were left blank as to date, addressee, check number, payee of check, name of the deceased member, and in other respects. They were not signed, although prepared for the signature of the grand recorder. The part of its contents relied upon in the petition for rehearing is the following:

"It is the duty of your lodge, through you, to see that the enclosed order is properly endorsed and deliv-

ered to the party entitled to it and the beneficiary certificate is taken up and forwarded to this office as above directed."

Specific directions concerning the disposition of the check were given in the letter, making no mention of an indorsement, although the printed matter contained the instruction as copied. If the directions in the letter conflicted with the instructions contained in the blank, the directions must govern, but both should be given effect so far as they are in harmony and can have consistent operation.

A rule of the grand lodge provided that warrants upon the beneficiary fund should be drawn in favor of the persons named by the finance committee to receive them. After a warrant is so allowed, drawn and delivered to the beneficiary, neither the grand lodge nor its officers have any control over it. The payee may indorse it to another, present it in person, or otherwise dispose of it as he sees fit. It is his property. The drawer has no duty concerning it. In this instance, had the check been delivered to the payee named in it, the grand lodge would have discharged its whole duty except to see that it was paid to the payee, or to his order.

Whatever may have been contemplated by the printed instructions "to see that the check is properly indorsed," it is not reasonable to suppose that they related to any duty to be performed after delivery, for it would then be beyond the control of the local lodge or its officers, and no indorsement before delivery was necessary or proper to give it effect. The specific directions contained in the letter of transmittal was to deliver the check to Thompson on receiving the affidavit and receipt.

The reference in the blank instructions to an indorsement may have been inserted in contemplation of the use of a form of warrant upon which an indorsement of some officer of the local lodge would be necessary to

make the instrument effective, but it can have no reasonable application to the warrant drawn in this transaction.

Further consideration of the contract between the grand lodge and the depositary is requested. That matter was fully and fairly discussed in the briefs and has been carefully examined. The views of the court as expressed in the opinion are adhered to and the petition for a rehearing is denied.