CHARLOTTE M. CROSBY *vs.* MUTUAL BENEFIT LIFE INSURANCE
COMPANY, GEORGE A. WHITNEY, administrator, claimant.

Suffolk.   March 25, 1915. — June 22, 1915.

Present: RUGG, C. J., LORING, BRALEY, PIERCE, & CARROLL, JJ.

*Insurance,* Life: change of beneficiary.   *Evidence,* Declarations of deceased
persons, Opinion.

In an action by a woman, named as the beneficiary in an insurance policy and
there designated as the "affianced" of the insured, against the company upon
the policy, the administrator of the estate of the insured was summoned as an
adverse claimant and contended that the designation of the plaintiff as bene-
ficiary had been changed. There was evidence tending to show that the plain-
tiff had been told of the policy by the insured and that he had read it to her and
had sent to her the premium receipts up to the time of his death; that two
years before his death he had applied to the company for a loan on the policy
and had been told that to get the loan he would have to have the consent of the
beneficiary; that thereupon he made a certificate that he was the sole owner
of the policy, and a false affidavit that the beneficiary was dead, filed it with the
company and procured the loan; that during his last illness he had told two
persons that the plaintiff was the beneficiary of the policy and had told one
of them to see that she got its proceeds, at that time explaining as to the false
affidavit that "he simply had to do something in order to get that money at
the time." *Held,* that a finding was warranted that the certificate and affi-
davit were not intended by the insured to operate as a change of beneficiary;
and that they did not so operate as a matter of law.

In the action described above, the statements of the insured during his last illness,
which tended to show that he did not intend to revoke the designation of the
plaintiff as the beneficiary of his policy, were *held* to be admissible as the dec-
larations of a deceased person under R. L. c. 175, § 66.

In the same case, a declaration of the insured, "If anything does happen to me,
I have had my life insured and Charlotte [the plaintiff] will have that anyway,"
which was admissible as showing his intention, was *held* to be a statement of
fact and not incompetent as expressing an opinion on a past transaction.

CONTRACT upon a policy of insurance issued by the defendant
upon the life of one Frank P. Whitney for the benefit of the plain-
tiff.   Writ dated May 28, 1914.

Before the trial, the defendant filed a petition of interpleader
and the administrator of the estate of Frank P. Whitney was sum-
moned as an adverse claimant and filed an answer.

The case was heard by *Chase,* J., without a jury.   The provi-
sion in the policy relating to a charge of beneficiary was as follows:

"If not assigned, this Policy may be returned to the Company at its office in Newark, New Jersey, with the insured's written request for the appropriate indorsement of the policy by the Company:

"1.   To have the Beneficiary changed.   This change may be made at any time, and from time to time, while the policy is in force, or within one month from default in premium-payments."

The other material evidence and the exceptions of the claimant are described in the opinion.

The judge found for the plaintiff; and the claimant alleged exceptions.

*F. G. Cook*, (*G. H. Hull* with him,) for the claimant.

*T. C. Batchelder*, for the plaintiff, was not called upon.

LORING, J.   At the trial the claimant asked for thirteen rulings and took an exception to the judge's refusal to grant them.   The only one of these exceptions which has been argued is that to the judge's refusal to rule that on all the evidence the plaintiff was not entitled to recover.   We treat the other exceptions as waived.

The facts which the judge was warranted in finding were as follows.   In 1910 one Frank P. Whitney took out a policy on his life payable to the plaintiff, "his affianced if living, otherwise to the executors, administrators or assigns of the insured."   In February, 1912, being in need of $400, Whitney applied to the insurance company for a loan to that amount.   He was told by the company that they would not make the loan "unless he got permission from the beneficiary."   Whitney, being in a position where he had to have the $400, thereupon made a false affidavit that the beneficiary was dead and signed a loan certificate in which it was stated that he was the "sole owner" of the policy and delivered the false affidavit, the certificate and the policy to the company.   The company indorsed upon the policy a memorandum of the loan and returned it to Whitney.

It appeared that when Whitney took out the policy he told the plaintiff that it was payable to her and read the policy over to her.   It had been his custom to hand to her, or send to her through the mail, the receipts for premiums when they were paid.   There were two premiums due after the loan of $400 mentioned above, which were paid by Whitney.   The receipts for these payments were sent by Whitney to the plaintiff.   Whitney died on April 28, 1914.

During his last illness he told two persons that the plaintiff was the beneficiary of this policy and he asked one of them (his clerk) to see that she got the proceeds of it. Being taxed at this time with the false affidavit he at first denied it, but later on said: "I couldn't get the money unless I signed that; . . . he [I] simply had to do something in order to get that money at the time."

The judge made the following finding of fact: "The certificate and statement were not intended by the insured to operate to change the beneficiary, or to terminate the expectancy of said Crosby therein; but he still intended that the policy should be payable to her, and made the false statement of her death without her knowledge or consent in order to obtain the loan from the company without her signature, which would otherwise have been required by the company."

It is plain that on the evidence the finding of the judge that Whitney did not intend to change the designation of the plaintiff as beneficiary of the policy was warranted. Had Whitney been willing to end the plaintiff's expectancy as beneficiary of the policy there would have been no difficulty in getting the loan. Whitney had a right to change the beneficiary and in that way to end the expectancy which the plaintiff had in the policy. That would have been the easiest way for him to get the loan. His resort to the false affidavit (in order to get the loan) can be explained only on the ground that he did not wish to revoke the plaintiff's expectancy as beneficiary of the policy. The fact that he did not intend to revoke the plaintiff's interest as beneficiary is confirmed by what he said during his last illness to the two witnesses mentioned above.

It is also plain that there was nothing in the transaction which operated to revoke the designation of the plaintiff as the beneficiary of the policy contrary to Whitney's intention. What took place was that to secure the loan from the company without revoking the designation of the plaintiff as beneficiary or getting her consent to the loan, Whitney secured the loan by falsely representing to the company that the plaintiff had died and that in that way the designation of the plaintiff as beneficiary had come to an end. All that the plaintiff claims is the proceeds less the loan. It is not necessary to consider what the result would have been had she claimed the whole proceeds.

We have examined the cases cited by the claimant and find none requiring special notice.

In addition to the exception to this ruling the claimant excepted to the admission in evidence of statements made by Whitney during his last illness, as set forth above. If Whitney had been alive and had gone on the witness stand he could have testified to his reasons for making the false affidavit. The reason why he did it tended to show that he did not intend to revoke the designation of the plaintiff as beneficiary of the policy. Whitney being dead, these statements were admissible under R. L. c. 175, § 66.

The claimant has objected to the following statement of Whitney, testified to by one of the witnesses, on the ground that it was expressing an opinion on a past transaction: "If anything does happen to me, I have had my life insured and Charlotte will have that anyway." We think that this is a statement of fact and is admissible as such. The entry must be

*Exceptions overruled.*