[No. 8294.]

MULLER v. PENN MUTUAL LIFE INSURANCE CO. ET AL.

1. EVIDENCE—*Admissions in Pleading.*  Action upon an assigned policy of insurance.  The answer of the insurer conceded that the policy was the property of the assignee.  *Held,* a waiver by it of the conditions of the policy requiring the delivery of the assignment to the insurer. (248.)

2. LIFE INSURANCE—*Change of Beneficiary,* can be accomplished only by following the terms of the policy, or what is prescribed in the charter or by-laws of the insurer, or by statute.  A change is not affected by the mere assignment by the insured of his interest in the policy, never approved by the insurer, where the instrument required that such change shall be valid only upon its endorsement upon the policy by the insurer.  *Johnson v. New York Co.,* 56 Colo. 178, followed. (249-251.)

*Error to Denver District Court.*  Hon. HARRY C. RIDDLE, Judge.

Messrs. HINDRY, FRIEDMAN & BREWSTER, and Mr. C. F. CLAY, for plaintiff in error.

Messrs. MORRIS & GRANT, for defendant in error.

Mr. JOSEPH S. JAFFA, for intervenor.

Mr. JUSTICE HILL delivered the opinion of the court.

The question to be determined is whether a policy of insurance issued by The Penn Mutual Life Insurance Company to Alfred Muller (now deceased) upon his life shall be paid to his wife, Bertha S. Muller, named as the beneficiary, or to an assignee, as trustee for certain creditors of the deceased.  The judgment was against the widow.  There is no dispute pertaining to any material fact.  The real contention involves the construction of the policy.  The record discloses that Mr. Muller secured

this policy but a short time before his death; it bears date May 23, 1911. Upon July the 11th, following, he authorized his stenographer to write a letter to Mr. Alexander which reads as follows:

"Denver, Colorado, July 14, 1911.

Mr. Hugh J. Alexander,
            care of
        Capitol National Bank, City.

My Dear Mr. Alexander: I hand you herewith four life insurance policies, assigned to you as trustee, to secure the payment of promissory notes, as per assignments herewith enclosed.        Very truly yours,

Alfred Muller."

(Signed by the stenographer.)

The policy in question, along with others, was transmitted to Mr. Alexander with this letter and the assignment therein referred to, which reads:

"For value received, I hereby sell, assign, transfer and set over all my right, title and interest whatsoever of, in and to policy No. 558097 on the life of Alfred Muller (the insured) in The Penn Mutual Life Insurance Company of Philadelphia, unto Hugh J. Alexander, trustee, of Denver, Colorado.

This assignment is made to secure the payment of a promissory note for $8,000, payable to The Capitol National Bank of Denver, dated July 16, 1911, and endorsed by this insured.

Witness my hand and seal, Denver, state of Colorado, this fourteenth (14th) day of July, 1911.

Alfred Muller (SEAL)

Witnesses: Edith M. Hill.
           Adelia Murphy.
                Recorded 8-7 11."

It is conceded that at the time of the delivery of this assignment and the policy in question to Mr. Alexander, the insured was indebted to the Intervenor Hospital As-

sociation, or to The Capitol National Bank, or both, in excess of the amount called for by this policy. It is unnecessary to go into the complications concerning this indebtedness, as it was amply sufficient to justify the legitimate pledging of any securities which Mr. Muller might own for its payment. Mr. Muller died August 1, 1911, and neither the assignment nor the policy were delivered to the company for any endorsement thereon, or to take any action concerning, until about a week after his death, and no effort was made to do so prior thereto.

The portions of the policy necessary to consider are, that the company insured the life of Alfred Muller in the sum of $5,000.00 and promises to pay at its home office in Philadelphia unto Bertha S. Muller, his wife, if she survive him, otherwise to his executors, administrators or assigns, the said sum insured during the continuance in force of this policy. It requires payment in advance of the premium in every year during the life of the insured, or until twenty full year premiums shall have been paid. The clause concerning change of beneficiary reads:

"The right of revocation is reserved by the insured. When the right has been reserved, the insured shall have full power while this policy is in force (subject to any previous assignment) to change the present beneficiary or beneficiaries. Such change shall be made in writing and shall be valid only upon its endorsement on this policy by the company at the Home Office."

It provides that the policy shall participate annually in surplus earnings, etc., also for extended insurance, paid up insurance, loan or cash surrender value privileges, also for automatic extensions, etc., and provides further that at the expiration of the twenty years period that it shall become a full paid-up policy, or at the election of the insured be subject to a cash surrender value, etc. The clause concerning assignment reads:

"Any assignment of this Policy shall be furnished to the Company and a duplicate thereof attached hereto. Any claim against the Company, arising under any assignment of this Policy shall be subject to proof of interest. No assignment shall impose any obligation on this Company until it has received the original thereof, nor does the Company guarantee the sufficiency or validity of any assignment."

There is a line of authorities which holds that the question of notice to the company, of the assignment, and the endorsement by it upon its books, is intended for the company's protection, and is a matter which concerns it and the insured only, and which can be waived. By the pleadings the insurance company having expressed its willingness to recognize the assignment, by its allegations that the policy belonged to the bank for whom Mr. Alexander was acting as trustee, we can assume that the assignment, so far as that phase of the case is concerned, had the same force and effect that it would have had, had the terms of the policy concerning it been complied with. The question which then presents itself is, when the terms of the policy are considered as a whole, what passed to Mr. Alexander by virtue of this assignment. In the case of *Johnson v. New York Life Insurance Company,* 56 Colo. 178, we had occasion to comment upon a New York Life policy quite similar in terms to the one under consideration, in which, at page 190, 138 Pac. 414, 48, (L. R. A. 1916A, 868), upon this question we said:

"The pertinent question is, who was the beneficiary at the time of the death of the insured? The policy was then in force and there was in existence a designated beneficiary named in the policy; there had been no change in this respect; no action had been taken by any one concerning its surrender or cancellation. Under such circumstances the beneficiary designated in the policy is en-

titled to receive the money in harmony with the terms of the contract; to hold otherwise would be inconsistent with the great weight of authority, as well as violative of well settled principles pertaining to contracts of insurance.''

We have again given this matter careful consideration, and are of opinion that under the circumstances here disclosed, Mr. Muller did not, by this assignment, make a change of beneficiary or do other than transfer his expectancy, and the rights then held by him therein under the terms of the policy. It will be observed that his assignment states:

''I hereby sell, assign, transfer and set over all my right, title and interest whatsoever of, in and to policy No. 558097.''

It follows that the execution and delivery of this assignment did not, under the terms of the policy, operate to change the beneficiary named in the policy, and that the instrument itself exhibited no such intent, and that the insured could not, by this method, have done so, had he desired. As stated in the *New York Life* case, which is supported by the overwhelming weight of authority:

''In policies like this, the general rule is that the beneficiary has an interest in the policy, which, while subject to be defeated by a change of beneficiary, can be defeated only in the manner prescribed in the policy, the charter or by-laws of the company or by statute.''

It is conceded that this was not done; the assignment makes no mention of an intention to change the beneficiary. It is limited by its own wording to the right, title and interest of the insured; in such case the assignment merely transfers the then interest of the insured therein to be determined by the terms of the contract. Since our announcement in the *New York Life* case, in addition to the cases therein referred to, other cases have been called to our attention which sustain this conclusion.

In *Sullivan v. Maroney*, 76 N. J. Eq. 104, 73 Atl. 842,

the assignment and policy were both quite similar to those under consideration. In commenting at page 109 (73 Atl. 844), the court said:

"The contention of the defendants, however, is that this assignment must be treated as if it effected a change of beneficiaries, and substituted in the place of the four children (the beneficiaries named in the policy) Marie Schaefer (the person named in the assignment).

I cannot accede to this argument, and, in fact, do not think that there is anything to support it. The paper, in form, is an assignment. It is made by a person who has an assignable interest, and carries that interest. The interest, as has been pointed out, was contingent but assignable. It does not purport in any way to make a change of beneficiaries, or to affect their interests. The method of change of beneficiary is pointed out in the contract, and that method was not pursued in any respect. It is not even attempted to be shown that it was effected according to the rules of the company, as required, or that any written notice thereof was given to the company, or that it took effect by endorsement on the policy of the company, all of which are requisites.

I think it entirely clear from the authorities that where a contract of insurance is made payable to certain beneficiaries their interests therein can only be divested in favor of other beneficiaries by changing the contract in the manner in which the contract points out that it must be changed to effect that result."

This case was reviewed and the judgment unanimously affirmed in 77 N. J. Eq. 565, 78 Atl. 150, wherein at page 568, the court said:

"If it had been intended to work a change of beneficiary, the method of doing so was clearly pointed out and should have been followed. The paper that was executed being not a change of beneficiary but an assignment, and by its very terms conveying only the right,

title and interest of Mrs. Cahill, is conclusive of the intent of the parties and should not be extended by construction.''

We think this declaration specially applicable here, as well as sound, which is practically the same as announced in the *New York Life* case, and call attention to the further fact that if this assignment was intended to work a change of beneficiary that the other terms of the policy in that respect were not complied with, that is, no notice was given to the company and no endorsements made, etc., until after the death of the insured. As stated in the *New York Life* case, the beneficiary cannot be divested, as such, unless it is done in the manner prescribed in the policy, the charter or by-laws of the company, or by statute. This policy having provided a method and states that such change shall be made in writing and shall be valid only upon its endorsement on this policy by the company at its home office. In such case, as stated in many cases, this excludes all other methods. An examination of the authorities which hold that an assignment was intended to and did cause a change of beneficiary is in cases where the policy did not provide for any particular method for making such changes, as was pointed out in *Martin v. Stubbings,* 126 Ill. 387, and in *Atlantic Mutual Life Insurance Company v. Cannon, et al.,* 179 Mass. 291.

Other cases not cited in *Johnson v. New York Life Insurance Company, supra,* and several which have been rendered since then and all of which sustain the rule herein announced are: *Roberts v. Northwestern Nat'l Life Ins. Co.,* 143 Ga. 780, 85 S. E. 1043; *Grand Lodge, etc., v. State Bank,* 93 Kan. 310, 144 Pac. 257; *Lowenstein v. Koch,* 165 App. Div. 760, 152 N. Y. Supp. 506; *Deal v. Deal,* 87 S. C. 395, 69 S. E. 886; *Farra v. Braman,* 171 Ind. 529, 86 N. E. 843; *Vanasek v. Western Bohemian Fraternal Ass'n,* 122 Minn. 273, 142 N. W. 333, 49 L. R.

A. (N. S.) 141, Ann. Cas. 1914D, 1123; *Grand Lodge, etc., v. Edwards,* 111 Me. 359, 89 Atl. 147; *Crosby v. Mutual Ben. Life Ins. Co.,* 221 Mass. 461, 109 N. E. 365; *Haigh v. Mentor Council No.* 907, 17 Phila. (Pa.) 71; *Barner v. Lyter,* 31 Pa. Super. Ct. 435; *Hotel Men's Mut. Ben. Ass'n v. Brown,* (C. C.), 33 Fed. 11.

The judgment will be reversed and the cause remanded for further proceedings not inconsistent with the views herein expressed.

*Reversed and remanded.*

Decision *en banc.*

CHIEF JUSTICE GABBERT and Mr. JUSTICE TELLER specially concur.

CHIEF JUSTICE GABBERT specially concurring:

Were it not for the ruling of this court in the case of *Johnson v. New York Life Insurance Company,* 56 Colo. 178, 138 Pac. 414, L. R. A. 1916A, 868, I would dissent on the ground that the interest of Mrs. Muller was a mere expectancy, and that the control of the insured over the policy, he having reserved the right to change the beneficiary, was as absolute and complete as though he had been the beneficiary himself, or the policy had been payable to his estate, subject to the one limitation, that a change of beneficiary on the face of the policy could only be made in the manner therein provided. The *Johnson* case as well as the one at bar, fail to distinguish between a policy where a beneficiary is named, without power of substitution, and one where the insured retains the right to change the beneficiary. In the first the beneficiary has a vested interest which cannot be divested without his consent, while in the second the interest of the beneficiary is conditional, and subject to be divested without his knowledge or consent by the terms of the contract naming him as such which authorizes the insured to assign the policy. In other words, this is a condition of the contract and his right is therefore subject to it. And

so it follows, that where the insured assigns policy of that character to a third party, the interest of the beneficiary is divested.

In this jurisdiction the rule is otherwise as declared in the *Johnson* case, which cannot be distinguished from the one at bar. However, the rule in that case worked a great injustice, and the result is the same in the case under consideration, whereas the rule to the effect that an assignment of the policy, where the insured reserves the right to change the beneficiary divests the latter of all interest, which is sustained by abundant authority, would have meted out exact justice in both cases.

The writer is authorized to state that Mr. JUSTICE TELLER concurs in the views above expressed.

Decided July 3, A. D. 1916. Rehearing denied December 4th, A. D. 1916.