No. 20,976.

THE GRAND LODGE OF THE ANCIENT ORDER OF UNITED WORKMEN OF KANSAS, *Appellant*, v. THE EMPORIA NATIONAL BANK et al., *Appellees.*

SYLLABUS BY THE COURT.

1. BENEFICIARY ASSOCIATION—*Forged Papers—Forged Indorsement.* A fraternal beneficiary association was induced, through forged papers, to issue an order on its depository bank for the payment of money. The evidence showed that the indorsement of the name of the purported payee named in the order was forged. The case is governed by *United Workmen v. Bank,* 92 Kan. 876, 142 Pac. 974; *id.,* 93 Kan. 310, 144 Pac. 257.

2. ORDER—*For Payment of Money—When Payable to Bearer.* Under the third subdivision of section 6536 of the General Statutes of 1915, a negotiable order for the payment of money must, to make it payable to bearer, be knowingly drawn payable to a nonexistent person.

Appeal from Lyon district court; WILLIAM C. HARRIS, judge. Opinion filed July 7, 1917. Reversed.

24—101 Kan.

*Edgar A. Bennett,* of Washington, *Alfred M. Jackson,* and *Albert L. Noble,* both of Winfield, for the appellant.

*R. M. Hamer, H. E. Ganse,* both of Emporia, *W. C. Craven,* and *H. L. Moore,* both of Excelsior Springs, Mo., for the appellees.

The opinion of the court was delivered by

MARSHALL, J.: The plaintiff appeals from a judgment against it for costs in an action brought by it to recover money paid on its order.

The plaintiff was a fraternal beneficiary organization and had a local lodge in Atchison, Kan., known as Mulford Lodge, Number 137, of which M. M. Mishler was an officer. He did practically all of the correspondence and most of the business for the lodge. Through an application and other papers forged by Mishler, the name "Edward B. Evans" was placed on the records of the plaintiff grand lodge as a member of Mulford Lodge, Number 137, and a beneficiary certificate for $2000 was issued to him, payable, in case of his death, to "Alice Evans, his wife." No such persons were known to exist. A few months afterward Mishler forged and sent to the grand lodge proofs of death of Edward B. Evans. The grand lodge approved the proofs and issued an order on its depository, defendant The Emporia National Bank, payable "to the order of Alice Evans, (wife) of Brother Edward B. Evans, deceased, late a member of Mulford Lodge Number 137, located at Atchison, Kansas." The indorsement of the name "Alice Evans" was as follows: "Alice Evans, wife of Brother Edward B. Evans, late member of M. Lodge Number 137, Atchison, Kansas." Mishler presented the order to a bank in Excelsior Springs, Mo., indorsed his name thereon, and afterward received the $2000 from the Missouri bank. In regular course of business, the order reached The Emporia National Bank and was paid by it. All signatures to every document necessary to get the name "Edward B. Evans" on the books of the grand lodge as a beneficiary member, and necessary to procure the order for the payment of the money to "Alice Evans," were forged by Mishler. This was one of a series of forgeries committed by him. An opinion in another action

growing out of these forgeries is reported in *United Workmen v. Bank*, 92 Kan. 876, 142 Pac. 974; *id.*, 93 Kan. 310, 144 Pac. 257.

1. The defendant contends that there was no evidence to show that the indorsement of the name "Alice Evans" on the order was forged. All signatures on all other documents connected with the purported membership of Edward B. Evans in the lodge, and with the proof of his death, were forged by Mishler. From the evidence it must be concluded that there was no living person known to the lodge by the name either of Edward B. Evans or of Alice Evans. If Mishler did not sign the name "Alice Evans" on the order delivered to him, he procured some unknown person to do so. That person was not known to the lodge as Alice Evans. If the name of that person was Alice Evans, she was not the person to whom the order was intended to be delivered. Viewed from every possible angle, the evidence conclusively showed that the order was not indorsed by the person to whom it was intended to be delivered, and that the name "Alice Evans" was forged on the back of the order either by Mishler of by some one at his request.

This case is therefore governed by *United Workmen v. Bank*, 92 Kan. 876, 142 Pac. 974; *id.*, 93 Kan. 310, 144, Pac. 257. (See also, *First Nat. Bank of Hastings v. Farmers & Merchants Bank*, 56 Neb. 149; *Tolman v. American National Bank*, 22 R. I. 462; *Murphy v. Metropolitan National Bank*, 191 Mass. 159; *Western U. Tel. Co. v. Bank*, 17 Colo. App. 229; *Armstrong v. National Bank*, 46 Ohio St. 512; *Harmon v. Old Detroit Nat. Bank*, 153 Mich. 73.)

2. The defendant argues that the order was payable to a fictitious person, and was for that reason payable to bearer. That part of the negotiable-instruments act applicable to the circumstances disclosed, in part, reads:

"The instrument is payable to bearer . . . when it is payable to the order of a fictitious or nonexisting person, and such fact was known to the person making it so payable." (Gen. Stat. 1915, § 6536.)

The grand lodge did not know that Alice Evans was a fictitious person. It supposed that she was an existing person, and issued the order to that person. When a negotiable instrument is knowingly issued to a fictitious person it is payable to bearer, because there is no one to indorse it; but when such

an instrument is issued to a person supposed to be in existence, it is not knowingly issued to a fictitious person. When the instrument is not knowingly issued to a fictitious person it must be indorsed by the person to whom it is issued. The order issued to "Alice Evans" was not payable to bearer. This conclusion is supported by *Armstrong v. National Bank,* 46 Ohio St. 512, and by *Harmon v. Old Detroit Nat. Bank,* 153 Mich. 73.

The judgment is reversed and the trial court is directed to render judgment for the plaintiff for the amount of the order, with interest thereon.